NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 02 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DOUGLAS TROESTER, on behalf of himself and all others similarly situated,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>STARBUCKS CORPORATION, Washington corporation,<br><br>Defendant - Appellee. | No. 14-55530<br><br>D.C. No. 2:12-cv-07677-GAF-PJW<br>Central District of California, Los Angeles<br><br>ORDER CERTIFYING A QUESTION TO THE SUPREME COURT OF CALIFORNIA |

Before: FERNANDEZ and BEA, Circuit Judges, and GONZALEZ ROGERS,[*] District Judge.

Because the question of whether the *de minimis* doctrine applies to Appellant's claims "could determine the outcome" of the pending appeal in accordance with Rule 8.548(a)(1) of the California Rules of Court, and any further proceedings were we to reverse and remand the grant of summary judgment here, we respectfully request that the California Supreme Court exercise its discretion to accept and decide the certified question below in Section II.

**I. CAPTION AND COUNSEL**

---

[*] The Honorable Yvonne Gonzalez Rogers, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

**A. The caption of the case is:**

No. 14-55530

DOUGLAS TROESTER,
on behalf of himself and all other similarly situated,

Plaintiff-Appellant,

v.

STARBUCKS CORPORATION,

Defendant-Appellee.

**B. The names and addresses of counsel for the parties are:**

For *Plaintiff-Appellant*:

Louis Max Benowitz, Law Offices of Louis Benowitz, 9454 Wilshire Blvd. Beverly Hills, CA 90212

Chaim Shaun Setareh, Setareh Law Group, 9454 Wilshire Boulevard, Suite 907, Beverly Hills, CA 90212

David Glenn Spivak, The Spivak Law Firm, 9454 Wilshire Blvd., Suite 303 Beverly Hills, CA 90212

For *Defendant-Appellee*:

Mark R. Curiel and Gregory William Knopp
Akin Gump Strauss Hauer & Feld LLP, 2029 Century Park East, Suite 2400
Los Angeles, CA 90067

Galit Knotz and Rex S. Heinke,
Akin Gump Strauss Hauer & Feld LLP, 580 California Street, Suite 1500,
San Francisco, CA 94104-1036

**C. Designation of party deemed petitioner:** Plaintiff-Appellant

## II. QUESTION CERTIFIED

Pursuant to Rule 8.548 of the California Rules of Court, we request that the California Supreme Court answer the following question:

> Does the federal Fair Labor Standards Act's *de minimis* doctrine, as stated in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692 (1946) and *Lindow v. United States*, 738 F.2d 1057, 1063 (9th Cir. 1984), apply to claims for unpaid wages under the California Labor Code sections 510, 1194, and 1197?

We understand that the Court may reformulate our question, and we agree to accept and follow the Court's decision.

## III. BACKGROUND

On August 6, 2012, Appellant filed the original Complaint in this action in Los Angeles County Superior Court on behalf of himself and a putative class of all non-managerial California employees of Defendant-Appellee Starbucks who performed store closing tasks for the time period from mid-2009 to October 2010. Appellant worked for Starbucks as a shift supervisor. Starbucks removed the action to the federal district court and thereafter moved for summary judgment on grounds that Appellant's uncompensated time was so *de minimis* that Starbucks was not required to compensate him.

3

Appellant submitted evidence that, during the relevant alleged class period, Starbucks' computer software required him to clock out on every closing shift before initiating the software's "close store procedure" on a separate computer terminal in the back office. The close store procedure transmitted daily sales, profit and loss, and store inventory data to Starbucks' corporate headquarters. After Appellant completed this task, he activated the alarm, exited the store, and locked the front door. Appellant also submitted evidence that, per Starbucks' policy, he walked his co-workers to their cars. In addition, Appellant submitted evidence that he occasionally reopened the store to allow employees to retrieve items they left behind, waited with employees for their rides to arrive, or brought in store patio furniture mistakenly left outside.

On March 7, 2014, the district court granted Starbucks' motion for summary judgment. The district court's decision assumed that each activity identified above was compensable for purposes of its analysis. The undisputed evidence was that, on a daily basis, these closing tasks generally took Appellant about 4-10 minutes. In the aggregate over this seventeen month period in his employment, his unpaid closing shift time totaled approximately 12 hours and 50 minutes, or about $102.67 at the then-applicable minimum wage of $8.00 per hour, exclusive of any penalties or other remedies. It further assumed that the additional time would be

administratively difficult to capture. Finally, while acknowledging that Appellant's closing activities were regularly occurring, the district court found that regularity not significant to its conclusion that the uncompensated time was *de minimis*. The district court concluded that the *de minimis* doctrine applied and, based thereon, granted summary judgment against Appellant on his claim for unpaid wages, and his derivative claims for failure to provide accurate written wage statements, failure to pay all final wages in a timely manner, and unfair competition.

## IV. EXPLANATION OF CERTIFICATION

Under the federal Fair Labor Standards Act (FLSA), employers are relieved from liability for unpaid wages where otherwise compensable time was *de minimis*. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692 (1946); *Lindow v. United States*, 738 F.2d 1057, 1063 (9th Cir. 1984) (enumerating factors to determine whether time at issue is *de minimis*, including "(1) the practical administrative difficulty of recording the additional time; (2) the aggregate amount of compensable time; and (3) the regularity of the additional work."). The outcome of the appeal herein could be determined depending upon whether the *de minimis* doctrine applies to California Labor Code claims for unpaid wages.

The California Supreme Court has not addressed the question. A panel of this Circuit, in an unpublished disposition, predicted that the California Supreme Court would decide the doctrine is applicable to such claims. *Gillings v. Time Warner Cable LLC*, 583 F. App'x 712, 714 (9th Cir. 2014). However, recent authority from the California Supreme Court, in *Mendiola v. CPS Sec. Solutions, Inc.*, 60 Cal.4th 833, 842-43 (2015), along with its long-standing precedent declining to import federal limitations into more employee-protective California Labor Code provisions, was not before that panel. Similarly, another panel of this Circuit, following much the same analysis as *Gillings*, recently found the *de minimis* doctrine applicable, though the issue was not raised on appeal. *Corbin v. Time Warner Entm't-Advance/Newhouse P'ship*, No. 13-55622, slip op. at 22-23 n.11, __ F.3d __, 2016 WL 1730403 at *12 n.11 (9th Cir. May 2, 2016) (holding one minute of off-the-clock work to be *de minimis* such that a California Labor Code claim for inaccurate wage statements failed).

One published decision of an intermediate California court of appeal addresses the *de minimis* doctrine in a context outside the California Labor Code, holding that the doctrine applied to a common law claim for promissory estoppel. *See Gomez v. Lincare, Inc.*, 173 Cal. App. 4th 508, 526 (2009). Three California courts of appeal and one trial court, in decisions ordered not published, have

considered the *de minimis* doctrine in connection with claims for unpaid wages arising under the California Labor Code. *See Chavez v. Angelica Corp.*, No. D063199, 2014 WL 6973497, at *1 (Cal. Ct. App. Dec. 10, 2014) (claims for unpaid minimum wage, overtime, meal and rest breaks under Cal. Labor Code 226.7, 510, 512, 1197); *Mosley v. St. Supery Vineyards & Winery*, No. A137373, 2014 WL 793130 (Cal. Ct. App. Feb. 27, 2014) (claim for waiting time penalties under Cal. Labor Code § 203); *LoJack Corp. v. Superior Court*, No. B219647, 2010 WL 1137044 (Cal. Ct. App. Mar. 26, 2010) (unpublished) (meal and rest break claims under Cal. Labor Code § 226.7); *Savaglio v. Wal-Mart Stores, Inc.*, No. C-835687, 2004 WL 2034092, at *1 (Cal. Super. Ct. July 20, 2004) (meal break claims under Cal. Labor Code § 226.7). Of these, only *Mosley* briefly considered whether the federal *de minimis* rule applied to a California Labor Code claim, concluding it should apply based on authority holding that California courts refer to federal decisions when interpreting employment discrimination laws. *Mosley,* 2014 WL 793130, at *8 n. 5 (*citing Horn v. Cushman & Wakefield Western, Inc.*, 72 Cal.App.4th 798, 805-07 (1999)). In addition, one California court of appeal declined to reach the question of whether significant differences between federal and California labor law precluded application of the *de minimis* rule. *See Bustamante v. Teamone Employment Specialists, LLC*, No. B222136,

2011 WL 1844628 at *10 (Cal. Ct. App. May 17, 2011), *as modified on denial of reh*'*g* (June 6, 2011) ("We need not determine whether the *de minimis* rule applies to California wage and hour cases because, even if it does apply, disputed issues of fact preclude summary judgment in this case" concerning overtime and meal periods claims under Cal. Labor Code §§ 510, 512).

In *Mendiola*, the California Supreme Court held that FLSA regulations excluding on-call time from hours worked did not apply to claims under the California Labor Code. *Mendiola v. CPS Sec. Solutions, Inc.*, 60 Cal.4th 833, 842-43 (2015). The California Supreme Court declined to incorporate FLSA standards denying such compensation in reaching its determination, concluding that the state regulatory agency "intended to import federal rules only in those circumstances to which the [agency] made specific reference." *Id.* at 843. The *Mendiola* court reiterated earlier California Supreme Court precedent providing that "courts should not incorporate a federal standard concerning what time is compensable '[a]bsent *convincing* evidence of the [state regulatory agency's] intent'" to incorporate such standards. *Id.* at 846 (emphasis in original, quoting *Morillion,* 22 Cal.4th at p. 592).

The California Supreme Court has long held that state wage and hour laws "although at times patterned after federal regulations, also sometimes provide

8

greater protection than is provided under federal law in the Fair Labor Standards Act (FLSA) and accompanying federal regulations." *Ramirez v. Yosemite Water Co.*, 20 Cal.4th 785, 795 (1999); *see Martinez v. Combs*, 49 Cal.4th 35, 67, 68 (2010) (reiterating *Ramirez*'s holding "that where the language or intent of state and federal labor laws substantially differ, reliance on federal regulations or interpretations to construe state regulations is misplaced"; when "the IWC intended the FLSA to apply to wage orders, it has specifically so stated."); *Morillion v. Royal Packing Co.,* 22 Cal.4th 575, 592 (2000); *Tidewater Marine W., Inc. v. Bradshaw*, 14 Cal. 4th 557, 573-74 (1996) (rejecting federal rule for calculating the overtime rate of pay in a California overtime claim); *see also Gonzalez v. Downtown LA Motors, LP*, 215 Cal.App.4th 36, 40 (2013) (rejecting FLSA averaging in favor of California requirement to be paid minimum wage for all hours required to remain at work); *Armenta v. Osmose, Inc.,* 135 Cal.App.4th 314, 323–24 (2005) (FLSA minimum wage standards different from California's significantly; employer violated minimum wage statute even if average of paid and unpaid hours exceeded minimum wage).

The federal *de minimis* rule could be seen as less employee-protective than California's wage and hour laws and, therefore, at odds with those laws. *See, e.g.*, 8 Cal. Code Regs. § 11050(4) (must be paid minimum wage for all hours worked);

Cal. Lab. Code § 1194(a) (right to be paid at least the minimum wage for each hour worked is non-waivable); 8 Cal. Code Regs. § 11050(2)(K) ("hours worked" defined as all "time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.").[1]

For these reasons, we seek the California Supreme Court's determination as to whether the *de minimis* test applies and submit that the answer given by the Court will either dispose of the appeal or determine how the case might proceed were we to remand this putative class action to the district court.

V.     **ACCOMPANYING MATERIALS**

The clerk of this court is hereby directed to file in the California Supreme Court, under official seal of the United States Court of Appeals for the Ninth Circuit, copies of all relevant briefs and excerpts of record, and an original and ten copies of the request with a certification of service on the parties, pursuant to California Rules of Court 8.548(c), (d).

---

[1] California's Division of Labor Standards Enforcement ("DLSE") has incorporated the *de minimis* rule into its enforcement manual and a published opinion letter, which, though they are not entitled to deference, are some indication of how the law is currently interpreted by the agency charged with enforcing it. *See* Calif. Div. of Labor Standards Enforcement, Enforcement Policies and Interpretations Manual (revised 2002), § 47.2.1; DLSE Opinion Letter 1995.06.02.

Further proceedings before us are stayed pending the California Supreme Court's decision regarding certification, and in the event the California Supreme Court accepts certification, pending our receipt of the answer to the question certified. Submission of this case is withdrawn.

After the California Supreme Court makes its determination whether to accept certification of this question, the parties shall file a joint report informing this court of the decision. If the California Supreme Court accepts the certified question, the parties shall file a joint status report to our court every six months after the date of acceptance.

If the California Supreme Court denies the request for certification, this case will be automatically resubmitted upon notice of that denial. If the California Supreme Court accepts the certified question, the case will be automatically resubmitted upon receipt of the California Supreme Court's answer to the certified question.

IT IS SO ORDERED.